IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER WARE, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 3:19-CV-0185-S-BH |
| | ) | |
| MIKE POMPEO, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's amended complaint should be **DISMISSED**.

## I.  BACKGROUND

John Christopher Ware ("Plaintiff") was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and sentenced to 135 months' imprisonment by judgment entered on January 11, 2019. *See United States v. Ware*, No. 3:15-CR-00494-B (N.D. Tex. Jan. 11, 2019), doc. 183.  On January 24, 2019, he filed a "*notice of removal, trial de novo,*" which purported to remove the criminal case from the "criminal district court" to the "civil district court" and complained of "violation of civilian due process protections."  (*Id.*, doc. 185 at 1, 3-4.)[2]

Also on January 24, 2019, Plaintiff initiated this civil action by filing his "original bill in equity," which specifically referenced the "removed" criminal case, on behalf of "JOHN CHRISTOPHER WARE Trust and Estate, a non u.s. resident of the republic of texas, complainant" (sic) and "El Intaj Ma'mun Ali, (in propria persona) hereinafter intervenor on behalf of the

---

[1]By *Special Order 3-251*, this *pro se* prisoner ction has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

'beneficiary and heir' of the JOHN CHRISTOPHER WARE Trust and Estate." (*See* doc. 3 at 3.)[3] It named as defendants the United States Secretary of State, the Texas Secretary of State, the Texas Governor, a United States District Judge, and an Assistant United States Attorney, "individually as co-trustee[s]." (*See id.*)

Plaintiff's subsequent filing claims that JOHN CHRISTOPHER WARE is the principal debtor, that the surety, trustee-intag ma'mun ali, has made all payments on his behalf to protect his personal property, and that the defendants are creditors who must "settle all outstanding debtor/primarily liable account matters in relation to the JOHN CHRISTOPHER WARE TRUST AND ESTATE." (doc. 11 at 5-6.) It alleges that the defendants "created a cloud on the private property of the JOHN CHRISTOPHER WARE TRUST AND ESTATE" by alleging that it caused injury or damage to the United States, and it asks that any "paper writing purporting to be a deed or conveyance or claim of any interest in said Trust and Estate . . . be declared fraudulent and void, and be cancelled as a cloud on the JOHN CHRISTOPHER WARE TRUST AND ESTATE title." It also asks that the defendants be "perpetually enjoined" from asserting or attempting to assert any claim to the trust and estate, that they be restraining from in any way trespassing on the trust and estate, and that they be enjoined from proceeding in "said suit [or execution]" or instituting any new or other suit. (*Id.* at 7-8.) Attached to the complaint is a "fiat for injunction on pauper's oath" seeking an order restraining the U.S. Attorney's Office from making "execution of writ of arrest" and prohibiting any judge or court from exercising any jurisdiction over the trust and estate. (*Id.* at 11.)

Plaintiff appealed his conviction the day after the purported removal, on January 25, 2019, and his appeal was ultimately dismissed as frivolous on January 28, 2020. (*See* No. 3:15-CR-00494-

---

[3] The initial complaint was purportedly verified as true and correct by El Intaj Ma'Mun Ali, and the verification is signed by John Christopher Ware. (doc. 3 at 9.)

B, docs. 186, 201, 202.)

## II.  PRELIMINARY SCREENING

Plaintiff is a federal inmate who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  NATURE OF SUIT

Plaintiff's initial filing states that it is an original bill in equity.  The Federal Rules of Civil Procedure have "abolished the distinction between actions at law and suits in equity."  *Bennett v. Dawes*, No. 9:17-CV-0150, 2017 WL 2399014, at *1 (N.D. N.Y. June 2, 2017) (quoting Fed. R. Civ. P. 1, Advisory Committee Notes).  "There is one form of action – the civil action."  Fed. R. Civ. P. 2; *see also Bennett*, 2017 WL 2399014, at *1; *Russo v. Hickenlooper*, No. 15-CV-1740, 2016 WL

67568, at *3 (D. Colo. Jan. 6, 2016). Plaintiff's initial filing is liberally construed as a complaint initiating a civil action. *See Bennett*, 2017 WL 2399014, at *1 ("bill of equity" seeking to be heard in the "Chancery Division" of the court was construed as a 42 U.S.C. § 1983 complaint).

## IV.  TRUST CLAIMS

Plaintiff's allegations regarding the "JOHN CHRISTOPHER WARE Trust and Estate" in relation to his criminal conviction appear to be a variation on civil claims presented in courts around the country by plaintiffs relying on commercial and other civil statutes to challenge their criminal convictions.

In *Dickinson v. Granade*, No. 1:16-CV-0153, 2016 WL 3647181, at *2 (S.D. Ala. June 1, 2016), *rec. adopted*, 2016 WL 3637093 (S.D. Ala. June 30, 2016), the plaintiff filed a "Bill in Equity" in which he claimed to seek enforcement of a private trust which had as its "res" his federal criminal judgment, and that the trial judge had breached the trust by failing to perform her fiduciary duties and by failing to "disclaim her 'trusteeship.'"  The court held that "[t]he idea that a federal prisoner ... can unilaterally establish a trust which has as its 'res' the criminal judgment ... and thereafter sue the sentencing judge in 'equity' for breach of trust ... represents [an] 'indisputedly meritless' legal theory." *Id*. at *10.

Subsequently, in *Beamon v. Mills*, No. 7:16-CV-1274, 2016 WL 8648926, *3 (N.D. N.Y. Dec. 13, 2016), *rec. adopted*, 2017 WL 1194237 (N.D. N.Y. Mar. 30, 2017), the plaintiff appeared to claim that his traffic ticket cases were a trust, and he sought to have the trust terminated and the assets disbursed to him as the beneficiary.  The court noted that "[p]laintiff's arguments appear to be a variation of the claim [in *Dickinson*], presented in courts around the country and dismissed as frivolous, that plaintiffs or petitioners may 'discharge' their debt, i.e. a conviction, ... under the [Uniform Commercial Code (UCC)] or other civil statutes and treaties." *Id*. at *5 (citing cases

4

raising issues under the UCC, commercial law, secured transactions, and admiralty). It likewise held that the claims were frivolous. *See id.*

In *Harris v. Harris*, No. 1:17-CV-261, 2017 WL 2640095, at *2 (N.D. N.Y. Mar. 9, 2017), *rec. adopted*, 2017 WL 2633529 (N.D.N.Y. June 16, 2017), the court found that "[a]lthough plaintiff's complaint is filled with what he may believe to be meaningful legal terms, his complaint boils down to a claim that his criminal conviction and other documents are part of a trust, and that his conviction constitutes a 'debt' to the State of New York, which he is involuntarily paying for with his hard labor and services." It noted that "[t]his is not the first time that an incarcerated plaintiff has somehow attempted to 'extinguish' his criminal conviction or obtain money through the use of a 'trust'", and that at least one court had rejected similar claims. *See id.* at *4 (*citing Dickinson*). Finding that the plaintiff's arguments appeared to be a variation of the claims that a conviction was a debt that could be discharged under civil statutes, it dismissed the complaint as frivolous. *See id.* at *4-5 (citing the same cases cited in *Beamon*).

Here, Plaintiff's allegations regarding a trust also appear to present a variation of the types of claims raised in these cases that have been found frivolous. Any claims that call into question the validity of his criminal conviction under a theory of trusts should likewise be dismissed as frivolous. *See Harris*, 2017 WL 2640095; *Beamon*, 2016 WL 8648926; and *Dickinson* 2016 WL 3647181.

## V. DUE PROCESS CLAIMS

Plaintiff's filings also complain of "a violation of civilian due process protections" in connection with his criminal conviction and sentence. Because he sues the defendants for due process violations in his criminal case and seeks injunctive relief, his initial filing is also construed as a civil rights complaint under 42 U.S.C. § 1983 against the state defendants, and under *Bivens v.*

5

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the federal defendants.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). *Bivens* is "the counterpart to § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages.

*Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Plaintiff claims that the defendants obtained the judgment by fraud and undue influence, in violation of his due process rights. Because his due process claims under § 1983 and *Bivens* would necessarily imply the invalidity of his conviction, they are barred under *Heck*. His appeal of his conviction was dismissed as frivolous, and he has not demonstrated that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing this action, so his claim is not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

## VI. RECOMMENDATION

Plaintiff's due process claims should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). Any claims based on a theory of trusts should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B). The dismissal should count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

SIGNED this 1st day of February, 2021.

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8